**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Demetrius Jarod Smalls, # 286806, | ) | Case No. 2:16-cv-4005-RMG-MGB |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Bryan Sterling, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

Plaintiff has filed a civil rights action pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Plaintiff is a state prisoner incarcerated at Lieber Correctional Institution in South Carolina. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), the United States Magistrate Judge is authorized to review the case initially and to submit findings and recommendations to the United States District Judge. After careful review, the Magistrate Judge recommends that the Amended Complaint (DE#7) be **summarily dismissed**, with prejudice, and without issuance and service of process, for the following reasons:

## I.  Relevant Law

### A.  Review Under 28 U.S.C. §§ 1915, 1915A

Under established local procedure in this judicial district, the Magistrate Judge has carefully reviewed this *pro se* prisoner complaint pursuant to 28 U.S.C. § 1915 and in light of the following cases: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

As the *pro se* Plaintiff is proceeding IFP, this case is subject to screening pursuant to 28 U.S.C. § 1915. Such statute permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the action. To protect against

possible abuses of this privilege, the statute allows the court to dismiss the case upon finding that the case is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B).

A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* "at any time" under 28 U.S.C. §1915(e)(2)(B). *Neitzke*, 490 U.S. at 319. The United States Supreme Court has explained that the statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id.* at 326. The Prison Litigation Reform Act ("PLRA") also provides for the screening of complaints "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

**B. Liberal Construction for *Pro se* Filings**

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* filings does not transform the court into an advocate. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs., City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). "Principles requiring generous construction of *pro se* complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## C.  **The PLRA's 3-strike provision**

The PLRA, at 28 U.S.C. § 1915(g), provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*See McLean v. United States*, 566 F.3d 391, 404 (2009). "[I]f a prisoner has already had three cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, the prisoner generally may not proceed IFP but rather must pay up-front all filing fees for his subsequent suits." *Blakely v. Wards*, 738 F.3d 607, 609 (4th Cir. 2013), as amended (Oct. 22, 2013). This means that, after receiving three strikes, plaintiff will have to pay the full filing fee for almost any future non-habeas civil action he might wish to file. *Id.* at 610.

Plaintiff is a prolific filer of meritless actions. A search on CM-ECF reveals that in this federal judicial district, Plaintiff has brought the following civil cases, all of which have been summarily dismissed:

2:17-cv-208-RMG-MGB, *Smalls v. S.C. Attorney General, et al.*, filed 1/20/2017, closed 2/24/2017

2:16-cv-2676-RMG-MGB, *Smalls v. Wilson, et al.*, filed 7/28/2016, closed 9/9/2016

8:16-cv-2582-MGL-MGB, *Smalls v, Gergel, et al.*, filed 7/18/2016, closed 9/9/2016, appeal dismissed

2:15-cv-2510-RMG-MGB, *Smalls v. Wilson, et al.*, filed 6/23/2015, closed 10/14/2015

2:15-cv-4014-MBS-MGB, *Smalls v. Wilson, et. al.,* filed: 9/28/2015, closed 5/11/2016, affirmed on appeal

2:14-cv-3215-RMG-MGB, *Smalls v. Nicholson, et al.*, filed 8/11/2014, closed 9/29/2014, appeal dismissed

2:14-cv-958-RMG-MGB, *Smalls v. Michel, et al*., filed 03/18/2014, closed 05/28/2014

2:13-cv-3374-RMG-BHH, *Smalls v. Owens, et al*., filed 12/04/2013, closed 1/9/2014

Although Plaintiff indicates that he has "no strikes" (DE#7 at 9), the record reflects that he has already accrued at least two strikes. See Cases 2:15-cv-4014-MBS-MGB and 2:15-cv-2510-RMG-MGB. Plaintiff also has additional cases pending in this district. See 4:16-cv-3645-BHH-TER, *Smalls v. Gergel, et al*., (see docket entry #41, recommending dismissal with prejudice). If Plaintiff continues to file pleadings that are frivolous or malicious, or fail to state a claim for which relief may be granted, he risks the accumulation of three strikes against him and the resulting denial of future requests for IFP status, absent exceptional circumstances.

## II.  Background

Plaintiff was indicted and convicted in the Charleston County Court of Common Pleas. See Indictment Nos. 006GS101255, 06GS101254, and 06GS101253. He is currently serving state sentences for kidnapping (25 years), armed robbery (25 years), and assault and battery with intent to kill (20 years).[1] State records indicate Plaintiff has a projected release date of April 21, 2026.

On December 27, 2016, Plaintiff filed this action under 42 U.S.C. § 1983. His Complaint alleged no relevant facts and consisted of a series of lengthy questions. (DE# 1).[2] For example, Plaintiff asked: "Can this *pro se* indigent Plaintiff whom (sic) is incarcerated, bring section 1983 and 1985(3) claims against the South Carolina Department of Corrections for involuntary servitude against the Thirteenth Amendment USCA and cruel and unusual punishment against the Eighth Amendment USCA …." (DE# 1 at 1). His list of questions also included the following: "Does Mental Health and its Directors whom (sic) created the Operational Policy, have constitutionally

---

[1] See http://public.doc.state.sc.us/scdc-public/inmateDetails. Site checked March 9, 2017.

[2] Plaintiff filed a similar Complaint consisting of a list of questions in Case No. 4:16-cv-3645-BHH-MGB, *Smalls v. Gergel, et al*. That case was summarily dismissed.

imposed duty to monitor the way SCDC's Disciplinary personnel regulate commerce against this Section 504 Qualified Person and United States citizen?" and "Is this *pro se* Plaintiff entitled to a permanent injunction granting him an early release …." (*Id*.). Plaintiff appears to labor under the mistaken belief that to satisfy "federal question jurisdiction," he must provide a list of "questions." Such is not the case. In any event, Plaintiff subsequently filed a 36-page Amended Complaint, adding six additional defendants and omitting his list of "questions." (DE#7). After several proper form orders, this case is now substantially in proper form.

## III. <u>The Present Lawsuit</u>

### A. <u>Parties</u>

In his Amended Complaint (DE#7), Plaintiff names the following defendants: 1) Bryan Sterling ("Director of SCDC"); 2) Dennis Patterson ("Director"); 3) Francine Bachman ("Disciplinary Hearing Officer"); 4) Anna Gomez ("Psychiatrist"); 5) Ann Sheppard; 6) Thierry Nettles; 7) "Ms. Dixon and/or Cassandra Means" ("Mental Health Counselor"); 8) Joseph McFadden ("Member of Mental Health Treatment Team"); and 9) Ann Hallman ("Inmate Grievance Chief"). All of these defendants appears to be employees of the South Carolina Department of Corrections ("SCDC"). Plaintiff indicates that "all Defendants are sued individually and in official capacity." (DE# 7 at 24).

### B. <u>Allegations</u>

The allegations of the Amended Complaint are often difficult to follow. Plaintiff alleges violation of his rights under the First, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments to the United States Constitution (DE #7 at 4, ¶ II), but Plaintiff's supporting factual allegations are rambling, and at times, illogical. Plaintiff does not explain how any of these constitutional provisions were allegedly violated. Plaintiff describes himself (verbatim) as "mentally ill" and

indicates he has been "diagnosed with mood disorder, emotional distress, paranoia, aggressive, and other paranormal type symptoms and diagnosises (sic)." (*Id*. at 25, "Statement of Claims"). Plaintiff complains that his self-described mental problems are due to "criminal offenses having been committed against [him] by Judicial, Prosecutorial officials in violation of United States and State Constitutional and Statutory Provisions of Laws, and several Rules of Criminal Procedure…" (*Id*.). Plaintiff appears to be referring to the dismissal of his untimely habeas petition and to his underlying state criminal conviction. Although Plaintiff's allegations are unclear, and at times, nonsensical, he appears to re-assert habeas arguments from his prior § 2254 habeas petition that was dismissed as untimely. *See Smalls v. McFadden*, Case No. 2:13-cv-02651-RMG-WWD. Despite Plaintiff's reference to "Judicial, Prosecutorial officials," no such individuals are named as parties in this lawsuit.

Plaintiff complains that he was assigned to cell 37 of the "Edisto A" Unit for mental health patients and that he was assigned a cellmate he does not like (Jamie Brayboy). (*Id*. at 26). Plaintiff describes himself as a "non-active gang affiliate … member of a gang," but despite this, complains that his cellmate is also a gang member. (DE# 7 at 25, 28). Plaintiff does not allege that any actual harm resulted from his cell assignment, but appears to criticize the overall management of the prison. According to Plaintiff, "Classification" assigns cell-mates "without taking security measures to combat the possibility of incompatible state prisoners." (*Id*.). Plaintiff alleges that he "complained about Brayboy's mental veracity and his paranormal ability to see things that were not there…" (*Id*.). Plaintiff says Brayboy was hostile at times and that he (Plaintiff) requested a "cell change." (*Id*.). Plaintiff says he was "concerned with his safety and the safety of Brayboy if he transgressed against Smalls." (*Id*.).

Plaintiff indicates that he saw psychiatrist Dr. Anna Gomez on June 4, 2015, and explained that he "cannot sleep, eat, think straight because he is being conspired against by Richard Gergel, Wallace Dixon, and Alan Wilson, in reference to his federal habeas corpus petition." (DE# 7 at 27). Plaintiff alleges that the state court lacked jurisdiction to convict and sentence him in 2005 (apparently basing his argument on the "sovereign citizen" theory), and that his "arrest, trial, and conviction" were therefore "illegal." (*Id.* at 25-29, "Statement of Claims"). Plaintiff alleges that he complained to Dr. Gomez about his "cell placement" and asked her to get him moved. According to Plaintiff, Dr. Gomez told him there was nothing she could do about his cell assignment and asked Plaintiff to step out of her office so that she could see her next patient.

Plaintiff indicates that he then threatened to sue Dr. Gomez for "conflict of interest" and because she allegedly owed him "a duty of care as a medical examiner." (DE# 7 at 29). Plaintiff complains that Dr. Gomez submitted an incident report, which led to him being charged with violating Offense 809 of O.P. 22.14, for threatening to inflict harm. (*Id.*). According to Plaintiff, Dr. Gomez had no authority to "charge" him and thereby violated the "separation of powers" and "transformed a medical examination to a disciplinary process." (*Id.* at 28, 33). Plaintiff alleges that the charge was in violation of prison policy and that he was "deprived of the civil right of due process of law while the medical examiner acted under the color of state law to punish [him] in violation of the Eighth and Thirteenth Amendments of the U.S. Constitution." (*Id.* at 29-32).

Plaintiff indicates a disciplinary hearing was held on July 28, 2015, but that Dr. Gomez was not present because she no longer worked there. (DE#7 at 32). Plaintiff complains that the disciplinary hearing officer ("DHO") found him guilty, but lacked "jurisdiction" to do so. (*Id.* at 33, ¶¶ 21, 23). Plaintiff submitted a grievance challenging the decision. (*Id.* at 33, ¶¶ 25-26). Warden Blackwell thereafter decided to vacate the decision and dismiss the charge. (*Id.* at 34).

After filing the Amended Complaint, Plaintiff submitted a letter to the Court, further explaining his Amended Complaint under the discredited "sovereign citizen" theory and complaining about the dismissal of his prior habeas petition. Plaintiff states (verbatim):

> This occurrence derives subsequent to the filing of this secured party's "Third" Actual Innocence, Fraud upon the Court, Brady violation, and Ineffective assistance at trial claims, pursuant to 28 U.S.C. § 2254 (AEDPA) in C/A Nos. 2:13-cv-2651-RMG, 2:15-cv- [blank space]-RMG; and 2:16-cv-3881-RMG-MGB. These three collateral review proceedings are suits at common law. The secured party-creditor has made reservation of rights to recover damages for breach of performances, of displacing the Uniform Commercial Code from common law in violation of this undersigned Due process and Equal protection of law right protection, safeguarded by the Fifth and Fourteenth Amendments U.S. Constitution/see § 36-1-103.6 UCC.
>
> This secured party Sovereign Demetrius Jarod Smalls is unlawfully constitutionally falsely imprisoned in the …SCDC in violation of his sovereign immunity rights protections secured to him by the Ninth and Tenth Amendments…this secured party contends that his arrest, trial, and conviction was (sic) illegal…this also means that trial counsel, David Wolf, was ineffective under Strickland two prong standard and, this District Court's ruling in the … three Federal (civil) collateral proceeding Judgment(s) are in violation of Strickland…[Plaintiff] reserves his rights to recover damages for the breach of performance(s) in C/A No. 2:16-cv-4005-RMG in accord (sic) to § 36-1-308 (UCC).

(DE# 13-1, Letter filed 2/27/2017). Although it is difficult to discern any coherent allegations in such letter, Plaintiff appears to be referring to his allegation in the Amended Complaint that the Court did not properly decide Plaintiff's prior habeas petition. Plaintiff appears to be re-asserting habeas arguments (i.e. "that his arrest, trial, and conviction was (sic) illegal") and to be seeking damages for the Court's decision in such habeas case.

## C. **Relief Sought**

In the Amended Complaint, Plaintiff demands "punitive damages in the amount of $75,000 severally and jointly for each defendant's role in the web of conspiracy to deprive Plaintiff of due process of law/Equal Treatment under color of state law, and depriving Plaintiff of his immunities

against systematic cruel and unusual punishment; jury trial issues of facts." (DE# 7 at 6, ¶ VI "Relief"). On additional pages, he demands compensatory damages, a "damages hearing," and injunctive relief "to prohibit the usage of GA 1.03 Policy." (*Id*. at 35-36).

## III.  Discussion

### A.  Failure to State a Claim Under § 1983

To state a § 1983 claim, a plaintiff must allege facts indicating: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). While a complaint need not expressly invoke § 1983 as the legal theory for a plaintiff's claim, the United States Supreme Court has instructed that a complaint "must plead facts sufficient to show that [a] claim has substantive plausibility." *Johnson v. City of Shelby*, 135 S.Ct. 346 (2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676–77 (2009)). The present Amended Complaint fails to meet this minimal pleading standard.

#### 1.  No Involuntary Servitude

In his Amended Complaint, Plaintiff alleges violation of the Thirteenth Amendment of the United States Constitution. (DE# 7 at 29, "Statement of Claim"). The Thirteenth Amendment, in Section 1, expressly provides that: "Neither slavery nor involuntary servitude, <u>except as a punishment for crime whereof the party shall have been duly convicted</u>, shall exist within the United States, or any place subject to their jurisdiction." Plaintiff incorrectly equates his imprisonment for a criminal conviction with "involuntary servitude." Given the plain language of the Thirteenth Amendment excepting "punishment for crime," and given that Plaintiff is serving sentences for criminal convictions, his claim for violation of the Thirteenth Amendment fails to

state a claim, and is legally and factually frivolous. *See Nietzke*, 490 U.S. at 319; *Denton*, 504 U.S. at 31. Summary dismissal is appropriate.

### 2. <u>No Liability for Denying Grievances</u>

Although Plaintiff appears to be suing various Defendants (including Ann Sheppard, Major Nettles, Ann Hallman, and Francine Bachman) for their roles in the grievance and/or disciplinary process, an official's denial of a grievance "after-the-fact" of an alleged incident falls quite short of alleging any basis for a § 1983 claim. *See, e.g., Brooks v. Beard*, 167 F.App'x 923, 925 (3rd Cir. 2006) (dismissing case as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and explaining that a response by prison officials to an inmate's grievance does not establish the involvement of those officials in the alleged underlying incident); *DePaola v. Ray*, 2013 WL 4451236, *8, 30, n.7 (W.D.Va.), *adopted by* 2013 WL 4453422 (W.D.Va. Aug. 16, 2013) (same). Moreover, the Fourth Circuit Court of Appeals has held that "prisoners do not have a constitutional right of access to the grievance process." *Daye v. Rubenstein*, 417 F.App'x 317, 319 (4th Cir. 2011), *cert. denied*, 132 S.Ct. 161 (2011). Therefore, the Amended Complaint fails to state a claim for any constitutional violation on such basis. Summary dismissal is appropriate.

### 3. <u>No Liability for *Respondeat Superior*</u>

The Amended Complaint also fails to state a claim because it fails to allege any personal involvement by any supervisory Defendants (including Brian Sterling, Dennis Patterson, and Ann Hallman). It is well-settled that supervisory positions alone do not subject a defendant to liability, as the doctrines of vicarious liability and *respondeat superior* generally do not apply in § 1983 actions. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693-94 (1978); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). The United States Supreme Court has repeatedly emphasized that an individual defendant is not liable under § 1983 absent any personal involvement. *Iqbal*, 556 U.S.

at 676–77 ("Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.... each Government official, his…title notwithstanding, is only liable for his…own misconduct").

Courts must pay careful attention to lawsuits involving multiple defendants. *See, e.g., Banks v. Grady Cty. Jail,* 2014 WL 1089622, *1 n.1 (W.D.Okla.) ("[I]t is particularly important' that plaintiffs 'make clear exactly who is alleged to have done what to whom, ... as distinguished from collective allegations.' When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights 'were violated' will not suffice....Rather, it is incumbent upon a plaintiff to 'identify specific actions taken by particular defendants' in order to make out a viable § 1983 …claim.") (quoting *Pahls v. Thomas*, 718 F.3d 1210, 1225–26 (10th Cir. 2013)). In a § 1983 action, "liability is personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001); *see also Bowman v. Ozmint*, Case No. 0:08-2517-PMD-PJG, 2009 WL 3065180 (D.S.C. Sept. 22, 2009), *aff'd by* 369 F.App'x 416 (4th Cir. Mar. 5, 2010). Plaintiff has made no allegations that would state a claim against "Ms. Dixon and/or Cassandra Means" ("Mental Health Counselor") or Joseph McFadden ("Member of Mental Health Treatment Team"). The Amended Complaint fails to state a claim against all these defendants. Summary dismissal is appropriate.[3]

### 4. Alleged Failure to Follow Prison Policy

---

[3] Although this case is entirely subject to dismissal as frivolous and for failure to state a claim, one additional ground for dismissal should be pointed out. Although Plaintiff sues the Defendants in both individual and official capacities (DE# 7 at 24), he is barred from seeking monetary damages from state officials in their official capacity. The Defendants are state officials who have immunity under the Eleventh Amendment of the United States Constitution. Sovereign immunity protects the State itself, as well as its agencies, divisions, departments, officials, and other "arms of the State." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989) (explaining that a suit against a state official in his official capacity is "no different from a suit against the State itself"); *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996).

Although Plaintiff vaguely complains about "prison policies," the Amended Complaint fails to indicate the substance of any such policies, much less how any such policies allegedly caused a constitutional violation of Plaintiff's rights. In any event, it is well-settled that prison officials are accorded "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Hewitt v. Helms*, 459 U.S. 460, 472 (1983), modified on other grounds by *Sandin v. Connor*, 515 U.S. 472, 481 (1995).

To the extent that Plaintiff alleges that certain prison policies were violated, a defendant's alleged failure to follow prison policy does not, by itself, amount to a constitutional violation. *United States v. Caceres*, 440 U.S. 741, 754-55 (1978) (holding that "none of respondent's constitutional rights" were violated "by the agency violation of its own regulations"); *Riccio v. Cty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990) ("If state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue."); *Keeler v. Pea*, 782 F.Supp. 42, 44 (D.S.C.1992). "[V]iolation of policy does not, in and of itself, indicate that the Defendant violated Plaintiff's constitutional rights." *Wilder v. James*, Case No. 2:15-cv-270-CMC-MGB, 2016 WL 889513, *6 n.3 (D.S.C. Jan. 25, 2016), *adopted by*, 2016 WL 879257 (D.S.C. March 8, 2016). "[E]ven if … one or more of the Defendants violated prison policies…violation of such policies does not constitute a violation of Plaintiff s constitutional rights, and is therefore not assertable in a § 1983 action." *Briggs v. S.C. Dept. of Corr.*, Case No. 9:13–cv–1348–RMG-BM, 2014 WL 1278173, *14 n.10 (D.S.C.).

Moreover, Plaintiff's allegations are generalized, conclusory, and devoid of relevant facts. Plaintiff asserts nothing more than an "unadorned, the-defendant-unlawfully-harmed-me

accusation" that lacks any factual support. *See Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.").

### 5. <u>Failure to State an "Access to Courts" Claim</u>

Plaintiff refers several times to "access to courts" and appears to be alleging such a claim. To state a claim for denial of access to courts, a prisoner must allege actual prejudice to specific litigation, i.e. he must allege that a non-frivolous legal claim was frustrated or impeded by an actual deprivation of access. *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). The Fourth Circuit Court of Appeals has emphasized that in asserting such a claim, "a prisoner cannot rely on conclusory allegations…[s]pecificity is necessary." *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). Plaintiff's generalized complaints are frivolous and appear to be based on his refusal to accept the fact that his prior habeas petition was dismissed as untimely. Plaintiff has not alleged specific facts indicating that the Defendants' actions interfered with any specific litigation or resulted in the loss of any past litigation remedy. *Christopher*, 536 U.S. at 413.

Very little sense can be made of the scattered allegations in Amended Complaint regarding Plaintiff's use of the prison law library. Plaintiff's allegations are conclusory and devoid of relevant supporting facts. Although he appears to suggest that he did not have sufficient opportunity to make photocopies and complains that his habeas petition was dismissed, the Court may properly take judicial notice of the fact that Plaintiff's habeas petition was dismissed as untimely. See Case No. 2:13-cv-2651-RMG-WWD, DE# 46, Order dated July 18, 2014.[4]

---

[4] This Court may properly take judicial notice of prior cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir.1989) ("the most frequent use of judicial notice is in noticing the content of court records"); *Assa'ad-Faltas v. S. Carolina*, 2012 WL 6103204 (D.S.C. Nov. 14, 2012), *adopted by* 2012 WL 6106421 (D.S.C. Dec. 10, 2012) (a court has "the right to take notice of its own files and records"), *appeal dism'd* (4th Cir. June 26, 2013).

Plaintiff's access to photocopies had nothing to do with the decision in that case. The Amended Complaint fails to state a plausible claim for the denial of any access to courts.

### 6. <u>Failure to State an Eighth Amendment Claim</u>

Liberally construed, the Amended Complaint also appears to allege a claim under the Eighth Amendment. Although a prisoner is entitled to adequate food, clothing, shelter, sanitation, medical care and personal safety, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), the United States Supreme Court has emphasized that the Eighth Amendment "does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). The "ordinary discomfort accompanying prison life is part and parcel of the punishment those individuals convicted of criminal offenses endure as recompense for their criminal activity…only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995).

To state a claim for deliberate indifference to safety (i.e. a failure to protect), a plaintiff must allege facts indicating: (1) that there was a serious or significant physical or emotional injury and (2) that the defendants acted with "deliberate indifference" to his health or safety. *Farmer*, 511 U.S. at 834. To be deliberately indifferent, a prison official must "know of and disregard an objectively serious ... risk of harm." *Bacchus v. Scarborough*, 466 F.App'x 269, 271 (4th Cir. 2012). Deliberate indifference requires more than mere negligence, i.e. "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 835–37.

Plaintiff does not allege that he was suffered any harm or was injured in any way, nor does he allege any serious risk of harm. Plaintiff dislikes his cellmate, but does not plausibly allege that his cellmate made any specific threats or posed a serious safety risk. A mere "generalized concern

for his safety or welfare" is insufficient to satisfy the objective element of a claim for deliberate indifference. *Robinson v. S.C. Dept. of Corrections*, 2012 WL 851042 (D.S.C March 13, 2012), *affirmed by*, 474 F.App'x 970 (4th Cir. Aug. 2, 2012), *cert. denied*, 133 S.Ct. 634 (2012). This Court has explained that:

> "Of the many difficulties in managing prisons … perhaps the most difficult is discerning who is actually at risk of being harmed and who is simply taking advantage of a dangerous environment to manipulate a change in housing status." *Thompson v. Shearin*, 2011 WL 5118411 (D.Md.2011). For obvious reasons, courts have widely rejected any notion that a prisoner has any constitutional right to choose his cellmate. *See Murray v. Bledsoe*, 650 F.3d 246 (3rd Cir. 2011) (per curiam); *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993); *Harris v. Greer*, 750 F.2d 617, 618 (7th Cir. 1984). This truism holds even if a plaintiff's cellmates are "annoying, offensive, strange, rude," or otherwise undesirable as living companions. *Dunbar v. Caruso*, 2011 WL 3474004 (E.D.Mich. July 12, 2011) (quoting *Blue v. Knowlin*, 2009 WL 2843315, *4 (D.S.C. Aug.31, 2009). Furthermore, in a prison setting, confrontations among inmates are daily occurrences.

*Drayton v. Cohen*, Case No. 2:10–3171–TMC, 2012 WL 666839 (D.S.C. Feb. 29, 2012), *affirmed by*, 474 F.App'x 991 (4th Cir. Aug. 6, 2012); *and see, e.g., Williams v. Bishop,* 2014 WL 4662427, *5 (D.Md. Sept. 17, 2014) (dismissing case, noting that inmate had no right to demand a different cell assignment and that he had "a history of attempting to manipulate his housing to get a single cell"), *appeal dism'd*, (4th Cir. Aug. 17, 2015).

Although Plaintiff filed grievances demanding a different cell assignment, Plaintiff does not allege that he warned correctional officers of any actual threats. Plaintiff, who describes himself as a "mental patient" and "gang affiliate" and/or former "gang member," complains that he does not like his cellmate, who according to Plaintiff, is also a gang member and has mental issues. Plaintiff does not allege that his cellmate has harmed him in any way. Rather, he complains about his cellmate's "mental veracity and his paranormal ability to see things that were not there, hear things that were being said." (DE# 7 at 26). Plaintiff has not alleged facts in the Complaint

from which the Court could infer that any Defendants, knew of and purposefully disregarded any serious or substantial risk of harm to Plaintiff. Plaintiff has not plausibly alleged facts indicating that any prison officials acted with a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Conclusory allegations will not suffice.

Although Plaintiff alleges that he complained to psychiatrist Dr. Anna Gomez that "he is emotionally and mentally in distress, cannot eat, sleep, [or] think straight because he is being conspired against by Richard Gergel, Wallace Dixon, and Alan Wilson in reference to his habeas corpus petition," (DE# 7 at 26-27), this has nothing to do with his cellmate or any alleged "failure to protect" claim under the Eighth Amendment. Plaintiff further alleges that he informed Dr. Gomez that his "mental culpability was also affected by the cell placement of Jamie Brayboy" and that he asked Dr. Gomez to "speak with the responsible personnel to that they could get with mental health and or classification to maintain the safety, security and control of these prisoners and the institution." (*Id.* at 27). This allegation is general and conclusory. The United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a plausible claim. *Iqbal*, 556 U.S. at 677–79; *Bell Atlantic Corp.*, 550 U.S. at 555. The Amended Complaint fails to state a plausible claim for violation of the Eighth Amendment, and therefore, is subject to summary dismissal.

**B. Failure to State a "Conspiracy" Claim Under § 1985(3)**

Plaintiff appears to allege that the Defendants "conspired" against him. Any such claim must be dismissed because the Amended Complaint contains no factual allegations to support the existence of a conspiracy. To state a civil rights conspiracy claim, a plaintiff must allege facts indicating: (1) a conspiracy by two or more persons; (2) who are motivated by a specific, class-based, invidiously discriminatory purpose to; (3) deprive the plaintiff of the equal enjoyment of

rights secured by law to all; (4) that results in injury to the plaintiff; (5) as a consequence of an

overt act committed by the defendants in connection with the conspiracy. 42 U.S.C.A. § 1985(3);

*Thomas v. Salvation Army*, 841 F.3d 632, 637 (4th Cir. 2016); *Simmons v. Poe*, 47 F.3d 1370, 1376

(4th Cir. 1995). Allegations of "parallel conduct and a bare assertion of a conspiracy" are

insufficient. *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 347 (4th Cir. 2011) (quoting

*Twombly*, 550 U.S. at 556), *cert. denied*, 566 U.S. 937 (2012). Plaintiff's Amended Complaint is

generalized, conclusory, and unsupported by specific facts regarding any purported conspiracy.

For example, Plaintiff demands monetary damages for "each defendant's role in the web

of conspiracy to deprive Plaintiff of due process of law/Equal Treatment under color of state law,

and depriving Plaintiff of his immunities against systematic cruel and unusual punishment." (DE#

7 at 6, ¶ VI "Relief"). Plaintiff alleges that "he is being conspired against by Richard Gergel,

Wallace Dixon, and Alan Wilson in reference to his habeas corpus petition." (*Id*. at 27). Plaintiff

alleges that he has "been diagnosed with mood disorder, emotional distress, paranoia, aggressive

and other paranormal (sic) type symptoms" and that:

> These diagnosis(es) stemmed and/or derived through systematic acts of
> criminal offenses having been committed against this claimant by judicial,
> prosecutorial officials in violation of United States and State
> Constitutional and Statutory provisions of Laws, and several Rules of
> Criminal Procedure for the state and federal courts governing how
> criminal defendants are to be tried in criminal courts of the States and of
> the United States of America.

(*Id*. at 25, "Statement of Claim," verbatim). Plaintiff appears to be mischaracterizing prior judicial

and prosecutorial decisions as a conspiracy of "criminal" acts against him. Such generalized

allegations are insufficient to state a plausible claim.

Moreover, all of the Defendants in the present action are state prison officials or medical

providers. No judges or prosecutors are parties in this action. Hence, the Amended Complaint fails

to allege any conspiratorial acts by the named Defendants in this action. When a complaint contains no personal allegations against a defendant, the claims against that defendant is properly dismissed. *See Reaves v. Richardson*, Case No. 4:09–820–TLW–SVH, 2011 WL 2119318, *6 (D.S.C.) ("without such personal involvement, there can be no liability"), *adopted by* 2011 WL 2112100 (D.S.C. May 27, 2011); *Fox v. Drew*, No. 8:12–cv–421-MGL, 2013 WL 4776706, *11 (D.S.C. Sept.4, 2013) (same), *affirmed by* 563 F.App'x 279 (4th Cir. 2014).

Plaintiff has provided no facts to suggest that the Defendants conspired to do anything, much less to deprive Plaintiff of his civil rights. The Amended Complaint makes only vague conclusory allegations of a "web" of conspiracy. Such allegations are not enough to state a plausible claim. The United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a plausible claim. *Iqbal*, 556 U.S. at 677–79; *Bell Atlantic Corp.*, 550 U.S. at 555. A complaint "must plead facts sufficient to show that [a] claim has substantive plausibility." *Johnson*, 135 S.Ct. at 346 (citing *Iqbal*, 556 U.S. at 676–77). Plaintiff's Amended Complaint fails to meet this minimal pleading standard.

Plaintiff has not plausibly alleged facts indicating that there was any agreement or meeting of the minds by the defendants to deprive violate Plaintiff of his constitutional rights. *See Griffin v. Breckenridge*, 403 U.S. 88, 102–103, (1971); *Poe*, 47 F.3d at 1376–1377. The Amended Complaint fails to allege any facts suggesting any discriminatory motive on the part of any Defendant. Plaintiff's allegations are conclusory and insufficient to state a plausible § 1985 claim. *Id.* at 1377 (conclusory allegations of conspiracy are insufficient to support a § 1985 claim); *Martin v. Byers*, 581 F. App'x 225, 226 (4th Cir.) (same, summarily dismissing conspiracy claim), *cert. denied*, 135 S.Ct. 487 (2014); *Sciolino v. Marine Midland Bank-Western*, 463 F. Supp. 128, 131 (W.D.N.Y 1979) (summarily dismissing because plaintiff's allegations of conspiracy were

completely frivolous and insubstantial). Even with liberal construction, Plaintiff's allegations of "conspiracy" are frivolous and fail to state a plausible claim for relief.

### C. <u>Failure to State a Claim: Sovereign Citizen</u>

Plaintiff attempts to explain his Amended Complaint in a letter (DE# 13-1). His references to himself as a "sovereign," as a "secured party," and to the Uniform Commercial Code (UCC") are without legal or factual basis and are frivolous. Such references are commonly used by *pro se* litigants under the discredited "sovereign citizen" theory. *See Parker v. Spencer*, 2015 WL 3870277, *3 (D.S.C.) (quoting *United States v. Ulloa*, 511 F.App'x 105, 106 n. 1 (2d Cir. 2013) ("sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior"); *Presley v. Prodan*, 2013 WL 1342465, *2 (D.S.C.), *adopted by* 2013 WL 1342539 (D.S.C.) (collecting cases describing the "sovereign citizen" movement).

Such litigants, including Plaintiff, typically assert the frivolous argument that the courts lack jurisdiction over them and that their criminal convictions are therefore "void." Courts have repeatedly rejected such baseless "sovereign citizen" assertions as frivolous. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status … as a "sovereign citizen" [or] a "secured-party creditor," … that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily"), *cert. denied*, 132 U.S. 1051 (2012); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (describing the "sovereign citizen" arguments as having "no conceivable validity in American law"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (holding that defendant's "sovereign citizen" argument was "completely without merit" and "patently frivolous"), *cert. denied*, 508 U.S. 952 (1993).

Any claims based on a "sovereign citizen" theory (i.e. that the court lacked jurisdiction over him) are frivolous. *See e.g., Gravatt v. United States*, 100 Fed.Cl. 279 (Fed.Cl. Sept. 27, 2011) (holding that plaintiff's complaint was frivolous and should be counted as a "strike" under 28 U.S.C. § 1915(g)). Moreover, if Plaintiff is attempting to challenge his criminal convictions in this § 1983 action, he is barred from doing so. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Challenges to a conviction must be brought in a timely habeas petition. The Amended Complaint fails to state a claim for relief because Plaintiff has no cause of action arising from the Court's prior decisions in Plaintiff's habeas action. To the extent Plaintiff refers to the UCC, such statute has no application here. The UCC sets forth that one of its primary purposes "to simplify, clarify, and modernize the law governing commercial transactions." UCC, § 1-103(a)(1). Court proceedings are not "commercial transactions," and the UCC has no application in this context.

## IV.  <u>Conclusion</u>

Even when liberally construed, the allegations of the Amended Complaint are frivolous and/or fail to state a plausible civil rights claim, including any claim for conspiracy. As the Amended Complaint is subject to summary dismissal entirely for enumerated grounds under 28 U.S.C. §1915(e)(2)(B), this dismissal should count as a strike.

Accordingly, the Magistrate Judge recommends that the Amended Complaint (DE#7) be **<u>summarily dismissed,</u>** with prejudice, and without issuance and service of process. This dismissal should count as a strike pursuant to 28 U.S.C. § 1915(g).

**IT IS SO RECOMMENDED.**

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

April 18, 2017
Charleston, South Carolina

Plaintiff's attention is directed to the **<u>Important Warning</u>** on the following page:

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).