# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Demetrius Jarod Smalls, #28606, ) | Civil Action No. 2:16-4005-RMG |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Bryan Sterling, *et al.*, ) | |
| Defendants. ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending the complaint be summarily dismissed. For the reasons set forth below, the Court adopts the Report and Recommendation.

## I. Background

On June 26, 2007, Plaintiff pleaded guilty to two counts of armed robbery, assault and battery with intent to kill, and kidnapping. Since his incarceration, he has filed numerous civil cases in this District, which have been summarily dismissed as frivolous. *E.g.*, Case Nos. 2:17-208; 2:16-2676, 8:16-2582, 2:15-4014, 2:15-2510, 2:14-3215, 2:14-958, 2:13-3374. In the present case, Plaintiff seeks "punitive damages in the amount of $75,000 severally and jointly for each defendant's role in the web of conspiracy to deprive Plaintiff of due process of law/Equal Treatment under color of state law, and depriving Plaintiff of his immunities against systematic cruel and unusual punishment; jury trial issues of facts" and injunctive relief "to prohibit the usage of GA 1.03 Policy." "GA 1.03" is the South Carolina Department of Corrections policy that provides inmates access to the courts, to attorneys, and to law libraries.

On April 18, 2017, the Magistrate Judge recommended summary dismissal of the complaint as a frivolous filing under 28 U.S.C. § 1915. Plaintiff filed no objections to the Report and Recommendation.

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## III. Discussion

The 36-page amended complaint is patently frivolous for the reasons the Magistrate Judge explains in considerable detail. (*See* Dkt. No. 17 at 9–20.) In short, Plaintiff claims that because he is a "sovereign citizen" or secured creditor under the Uniform Commercial Code his imprisonment violates his "sovereign immunity rights protection secured to him by the Ninth and Tenth Amendments." (*See* Dkt. No. 13-1.) Claims based on a "sovereign citizen" theory are frivolous. *Gaskins v. South Carolina*, No. 2:15-CV-2589-DCN, 2015 WL 6464440, at *4 (D.S.C.

Oct. 26, 2015). Plaintiff also asserts frivolous claims that imprisonment violates the Thirteenth Amendment, that prison officials denied his grievance filings, that he has not been allowed to make as many photocopies as he wished, that he does not like his prison cell assignment, and that U.S. District Judge Richard Gergel, retired U.S. Magistrate Judge Wallace Dixon, and S.C. Attorney General Alan Wilson have somehow conspired against him. Those claims are also frivolous for the reasons the Magistrate Judge ably sets forth.

"With the Prisoner Litigation Reform Act ("PLRA"), Congress sought to reduce the number of frivolous lawsuits flooding the federal courts." *Blakely v. Wards*, 738 F.3d 607, 609 (4th Cir. 2013). "Congress did so in part by enacting 28 U.S.C. § 1915(g), a "three-strikes" statute providing that if a prisoner has already had three cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, the prisoner generally may not proceed *in forma pauperis* but rather must pay up-front all filing fees for his subsequent suits." *Id.*

The Court finds this action is frivolous and summarily dismisses it for that reason. This is at least the third time this Court has summarily dismissed an action brought by this Plaintiff as frivolous. *See Smalls v. Wilson*, Civ. No. 2:15-4014-MBS-MGB, 2016 WL 2731064, at *2 (D.S.C. May 11, 2016), *aff'd*, 670 F. App'x 803 (4th Cir. 2016); *Smalls v. Wilson*, Civ. No. 2:15-2510-RMG-MGB, slip op. at 2 (D.S.C. Oct. 14, 2015). Petitioner now has three "strikes." Absent exceptional circumstances, he is now barred by statute from filing any future non-habeas civil action in any federal court without full payment of the filing fee.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 17) as the Order of the Court and **DISMISSES WITH PREJUDICE** the complaint. The Court **FINDS** that the complaint is a frivolous filing and therefore counts as a strike under 28 U.S.C. § 1915(g). This dismissal is Plaintiff's third strike under 28 U.S.C.

§ 1915(g). The Court therefore **ORDERS** that, absent exceptional circumstances, the Clerk of Court shall not accept any future complaint from Demetrius Jarod Smalls unless the filing fee is paid in full.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

May 11, 2017
Charleston, South Carolina